IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

KAMLESH BANGA,

        Plaintiff,

   v.

CHEVRON U.S.A., INC., et al.,

        Defendants.

Case No.: C-12-01498 JCS

**ORDER GRANTING PLAINTIFF'S MOTION TO FILE A SUR-REPLY IN FURTHER SUPPORT OF HER OPPOSITION TO DEFENDANT CHEVRON U.S.A., INC.'S MOTION FOR SUMMARY JUDGMENT; STRIKING ALL REFERENCE TO THE MEDIATION**

    The Court grants Plaintiff Kamlesh Banga's Motion to File a Sur-reply in Further Support of Plaintiff's Opposition to Defendant Chevron U.S.A., Inc.'s Motion for Summary Judgment. All references to the Chevron's mediation brief shall be stricken in accordance with ADR Local Rule 6-7(b), which provides that "[written Mediation Statements] constitute confidential information as defined in ADR L.R. 6-12, must not be filed and the assigned Judge shall not have access to them." Plaintiff's references to correspondence between the parties, and with the mediator, in connection with the mediation, shall be stricken in accordance with ADR Local Rule 6-12. ADR Local Rule 6-12 states in relevant part:

> (a) Confidential Treatment. Except as provided in subdivision (b) of this local rule, … all counsel and parties … shall treat as 'confidential information' the contents of the written Mediation Statements, anything that happened or was said, any position taken, and any view of the merits of the case expressed by any participant in connection with any mediation. 'Confidential information shall not be:
>
>    (1)   Disclosed to anyone not involved in the litigation;
>    (2)   Disclosed to the assigned judge; or
>    (3)   Used for any purpose, including impeachment, in any pending or future proceeding in this court.

(b) Limited Exceptions to Confidentiality.  This rule does not prohibit:

(1) Disclosures that may be stipulated by all parties and the mediator;
(2) Disclosures as may be stipulated by all parties, without the consent of the mediator, for use in a subsequent confidential ADR or settlement proceeding;
(3) A report to or an inquiry by the ADR Magistrate Judge pursuant to ADR L.R. 2-4 regarding a possible violation of the ADR Local Rules;
(4) The mediator from discussing the mediation with the court's ADR staff, who shall maintain the confidentiality of the mediation;
(5) Any participant or the mediator from responding to an appropriate request for information duly made by persons authorized by the court to monitor or evaluate the court's ADR program in accordance with ADR L.R. 2-6; or
(6) Disclosures as are otherwise required by law.

ADR L.R. 6-12.

IT IS SO ORDERED.

Dated: December 17, 2012

_____

JOSEPH C. SPERO
United States Magistrate Judge

2